Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| PEDRO SÁNCHEZ SANTANA y Otros **Peticionario** V. JOSÉ ANTONIO ALMEIDA MEDEROS y Otros **Recurrido** | KLCE202301245 | *CERTIORARI* procedente del Tribunal de Primera Instancia Carolina Caso Núm: CA2018CV00736 Sobre: Servidumbre |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

El 9 de noviembre de 2023, el Sr. Pedro Sánchez Santana (señor Sánchez Santana), la Sra. Alice Daisy Ríos Rivera (señora Ríos Rivera) y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, los peticionarios) comparecieron ante nos mediante un *Alegato de Certiorari* y solicitaron la revisión de una *Resolución* que se emitió y notificó el 10 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar una *Moción en Solicitud de Nulidad de Sentencia* que presentaron los peticionarios al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

Por los fundamentos que expondremos a continuación expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido.

I.

El 8 de mayo de 2018, los peticionarios presentaron una *Demanda* sobre acción confesoria de servidumbre de paso y daños y perjuicios contra el Sr. Marcos Antonio Martínez Rodríguez (señor Martínez Rodríguez), la Sra. Angélica Colón Mercado (señora Colón

Mercado) y la Sociedad Legal de Gananciales compuesta por ambos y, el Sr. José Antonio Almeida Medero (señor Almeida Medero) (en conjunto, los recurridos).[1] Alegaron que, los recurridos eran propietarios de la finca núm. 3236 y, que esta tenía una servidumbre de paso a favor de la finca núm. 19584, propiedad de los peticionarios. Particularmente señalaron que en el año 2016 los recurridos cerraron la servidumbre de paso con dos (2) portones. Así pues, argumentaron que los actos de los recurridos afectaron sus derechos reales por lo que no lograron llevar a cabo la venta de la finca núm. 19584, debido a que no tenía acceso apropiado a la vía pública. Consecuentemente, solicitaron ciento cincuenta mil ($150,000.00) dólares por los daños resultantes de la pérdida de la venta de la finca y angustias mentales. La dirección de los peticionarios que constaba en la *Demanda* era la siguiente: Carretera 186, k.m. 22.1, El Verde, Río Grande, 00745. En respuesta, el 29 de junio de 2018, los recurridos presentaron su *Contestación a la Demanda.*[2]

Tras varios trámites procesales, el 2 de julio de 2021, el TPI emitió y notificó una *Resolución y Orden.*[3] En este dictamen, se les concedió a los peticionarios noventa (90) días para rendir y entregar a los recurridos los informes periciales en los cuales descansaban sus alegaciones. A su vez, concedió a los recurridos noventa (90) días a partir del recibo de los informes periciales, para evaluarlos y rendir sus propios informes. Por último, señaló la Conferencia con Antelación al Juicio para el 19 de mayo de 2022 a las 9:00am y, que el informe debía ser presentado diez (10) días antes de dicha fecha.

Así las cosas, el 8 de octubre de 2021, el Lcdo. Jorge Valldejuli Reyes (licenciado Valldejuli Reyes), representación legal de los

---

[1] Véase, págs. 14-17 del apéndice del recurso.
[2] Íd., págs. 19-20.
[3] Íd., págs. 24-27.

peticionarios, presentó una *Moción de Relevo de Representación Legal,* debido a que se trasladó al estado de la Florida.[4] Cónsono con lo anterior, el 11 de octubre de 2021, el TPI emitió una *Orden,* que se notificó al día siguiente, en la cual autorizó la renuncia del licenciado Valldejuli Reyes.[5] Dicha *Orden* fue notificada al licenciado Valldejuli Reyes y al señor Sánchez Santana.

A esos efectos, el 23 de noviembre de 2021, el Lcdo. Luis Cay Espinosa (licenciado Cay Espinosa) presentó una *Moción Asumiendo Representación y Solicitando Prórroga.*[6] En dicha *Moción,* notificó que asumió la representación legal de los peticionarios. A su vez, solicitó una prórroga de cinco (5) días para responder el pliego de interrogatorio de los recurridos. La dirección de correo electrónico que constaba en la *Moción* era: lcdo.cayespinosa@outlook.com y luiscay@gmail.com. En virtud de lo anterior, el TPI emitió y notificó una *Orden* el 23 de noviembre de 2023, en la cual autorizó al licenciado Cay Espinosa a comparecer a nombre de los peticionarios.[7] Además, le otorgó un término de cinco (5) días para notificar las contestaciones al pliego de interrogatorio. Dicha *Orden* se le notificó al licenciado Valldejuli Reyes y al licenciado Cay Espinosa al correo electrónico luiscay@gmail.com.

Posteriormente, el 11 de mayo de 2022, se celebró la *Conferencia con Antelación a Juicio,* en la cual no compareció el licenciado Cay Espinosa, ni tampoco los peticionarios.[8] Por tanto, el TPI le ordenó al licenciado Cay Espinosa a que en el término de diez (10) días mostrase causa por la cual no debía imponérsele una sanción económica de ciento cincuenta ($150.00) dólares por motivo de su incomparecencia y por la cual no debía imponérsele una

---

[4] Íd., págs. 21-22.
[5] *Véase,* entrada Núm. 65 del Sistema Unificado de Manejo y Administración de Caso (SUMAC).
[6] Véase, pág. 23 del apéndice del recurso.
[7] *Véase,* entrada Núm. 67 del SUMAC.
[8] Véase, págs. 28-29 del apéndice del recurso.

sanción de ciento veinticinco ($125.00) dólares, toda vez que no compareció en la preparación y radicación del Informe de Conferencia con Antelación a Juicio. En virtud de lo anterior, concedió hasta el 30 de junio de 2022, para presentar el Informe de Conferencia con Antelación al Juicio. Dicha *Minuta* se notificó al licenciado Valldejuli Reyes y al licenciado Cay Espinosa al correo electrónico luiscay@gmail.com.

Vencido el término antes expuesto sin que el licenciado Cay Espinosa cumpliera con la orden del Tribunal, el 2 de julio de 2022, el TPI emitió una segunda *Orden* que se notificó el 5 de julio de 2022, en la cual le impuso a este último las sanciones económicas descritas en la *Minuta* de la vista del 11 de mayo de 2022.[9] Así pues, le concedió veinte (20) días al licenciado Cay Espinosa para que consignara dichas sanciones, so pena de sanciones adicionales. Por último, le concedió veinte (20) días a las partes para que presentaran el Informe de Conferencia con Antelación a Juicio. Dicha *Orden* fue notificada a los peticionarios a la siguiente dirección: El Verde, CARR 186 KM 22.1, Río Grande, P.R. 00745 y al licenciado Cay Espinosa al correo electrónico: luisecay@gmail.com.

El 1 de agosto de 2022, el TPI emitió y notificó una tercera *Orden.*[10] En lo pertinente, determinó que el licenciado Cay Espinosa incumplió con las órdenes de mostrar causa. Por consiguiente, le impuso una sanción adicional de quinientos ($500.00) dólares. De igual forma, le concedió un término de diez (10) días finales para que consignase las sanciones económicas y presentara el informe, so pena de desestimar la *Demanda* con perjuicio. Dicha *Orden* se les notificó a los peticionarios a la siguiente dirección: El Verde, CARR 186 KM 22.1, Río Grande, P.R. 00745. A su vez, se notificó al licenciado Cay Espinosa al correo electrónico: luisecay@gmail.com.

---

[9] Íd., págs. 30-31.
[10] Íd., págs. 32-33.

El 23 de noviembre de 2022, el TPI emitió una cuarta *Orden* que se notificó el 28 de noviembre de 2022, en la cual le impuso una sanción de doscientos cincuenta ($250.00) dólares al licenciado Cay Espinosa, ya que habían transcurrido seis (6) meses sin que este mostrase causa por la cual no compareció a la vista de conferencia con antelación a juicio y por no haber preparado dicho informe.[11] De igual forma, le impuso una sanción de ciento veinticinco ($125.00) dólares a las representaciones legales de ambas partes, toda vez que no presentaron el Informe de Conferencia con Antelación a Juicio. En lo pertinente, dicha *Orden* fue notificada al licenciado Cay Espinosa al siguiente correo electrónico: luisecay@gmail.com.

Posteriormente, el 5 de diciembre de 2022, el TPI emitió y notificó una quinta *Orden*.[12] En dicha *Orden*, indicó que los peticionarios no realizaron trámite alguno por más de seis (6) meses, por lo que ordenó a los peticionarios a que en un término de diez (10) días mostraran causa por la cual no debían desestimar su *Demanda* en virtud de la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V., R.39.2, así como por el incumplimiento con las órdenes del TPI. **La *Orden* fue notificada al correo electrónico del licenciado Cay Espinosa: luisecay@gmail.com.**

Ante este escenario, el 16 de diciembre de 2022, el licenciado Cay Espinosa, representante legal de los peticionarios, presentó una *Moción en Cumplimiento de Orden*.[13] En síntesis, adujo que recientemente se reintegraba a sus labores, debido a que había tenido un percance de salud durante los meses de octubre y noviembre. A su vez, informó que había terminado su parte del

---

[11] *Véase*, entrada Núm. 77 del SUMAC.
[12] Véase, pág. 34 del apéndice del recurso.
[13] *Véase*, entrada Núm. 81 del SUMAC.

Informe de Conferencia con Antelación a Juicio y que estaba en proceso de integrarlo con el informe de los recurridos.

Luego de examinar el argumento del licenciado Cay Espinosa, el 19 de enero de 2023, el TPI emitió una *Sentencia* que notificó el 24 de enero de 2023.[14] En síntesis, determinó que este último no consignó las sanciones impuestas y tampoco presentó el Informe de Conferencia con Antelación a Juicio. Además, concluyó que, desde la primera sanción que se le impuso habían transcurrido seis (6) meses y, ni los peticionarios ni su representación legal, consignaron dichas sanciones. En vista de lo anterior, el TPI desestimó con perjuicio la *Demanda*, al amparo de la Regla 39.2 (a) de Procedimiento Civil, *supra.* **La referida *Sentencia* se le notificó al licenciado Cay Espinosa al correo electrónico: luisecay@gmail.com.**

En desacuerdo, el 8 de febrero de 2023, los peticionarios presentaron una *Moción Solicitando Reconsideración.*[15] En esencia, esbozaron que el TPI estaba impedido de desestimar la *Demanda*, debido a que la inactividad estaba justificada por razones médicas del licenciado Cay Espinosa. Por su parte, el 10 de febrero de 2023, los recurridos presentaron su *Oposición a Reconsideración* en la cual arguyeron que la inactividad del caso era equivalente a dos (2) años aproximadamente.[16] A su vez, señalaron que el licenciado Cay Espinosa no cumplió con las órdenes del TPI y tampoco evidenció su condición de salud. Examinados los planteamientos de las partes, el 10 de febrero de 2023, el TPI emitió y notificó una *Resolución* en la cual declaró No Ha Lugar la *Moción Solicitando Reconsideración.*[17]

---

[14] Véase, pág. 35-40 del apéndice del recurso.
[15] *Véase,* entrada Núm. 84 del SUMAC.
[16] *Véase,* entrada Núm. 85 del SUMAC.
[17] *Véase,* entrada Núm. 87 del SUMAC.

Tras varios trámites procesales, el 27 de septiembre de 2023, los peticionarios presentaron una *Moción en Solicitud de Nulidad de Sentencia.*[18] En esencia, alegaron que el desconocimiento sobre las incidencias del caso ocurrió debido a la falta de información de su representación legal y la falta de notificación del TPI. A su vez, esbozaron que dichas notificaciones no fueron recibidas por los peticionarios, toda vez que fueron enviadas a una dirección que no aceptaba correspondencia postal. Argumentaron, además, que la falta de notificación adecuada sobre la desestimación del caso incidió sobre su derecho a un debido proceso de ley por falta de notificación adecuada. Entiéndase, según ellos, la falta de notificación los privó de la oportunidad de conocer sobre su caso y de la oportunidad de ser oídos. Consecuentemente, razonaron que la *Sentencia* era nula y que el término de seis (6) meses no comenzó a transcurrir, por lo que podía solicitar el relevo de la *Sentencia.* En la alternativa, esbozaron que desde el momento en que advinieron en conocimiento de la *Sentencia* en julio, no habían transcurrido los seis (6) meses para solicitar el relevo de sentencia.

Por su parte, el 6 de octubre de 2023, los recurridos presentaron su *Oposición a la Solicitud de Nulidad de Sentencia.*[19] Argumentaron, que en la *Demanda* los peticionarios informaron que su dirección era: Carretera 186, Km. 22.1, el Verde, Río Grande, P.R. 00745. Sostuvieron que según surgía del expediente del caso, el TPI notificó a los peticionarios a su dirección de récord y que dichas notificaciones no fueron devueltas, por lo que se presumió que fueron recibidas. Por último, alegaron que en el momento en que se dictó la *Sentencia*, el representante legal de los peticionarios era el licenciado Cay Espinosa, por lo que era su responsabilidad notificarles a sus clientes. Examinados los argumentos de ambas

---

[18] Véase, pág. 45-47 del apéndice del recurso.
[19] Íd., págs. 58-60.

partes, el TPI emitió y notificó una *Orden* el 10 de octubre de 2023, en la cual declaró No Ha Lugar la *Moción en Solicitud de Nulidad de Sentencia.*[20]

En desacuerdo con la determinación del TPI, el 19 de octubre de 2023, el señor Sánchez Santana presentó una *Moción de Reconsideración* por derecho propio.[21] Posteriormente, el 25 de octubre de 2023, los peticionarios presentaron su *Reconsideración a Moción en Solicitud de Nulidad de Sentencia* en apoyo a la *Moción de Reconsideración.*[22] En síntesis, arguyeron que conforme a la regla 49.2 de Procedimiento Civil, *supra,* el tribunal podía relevar a una parte de los efectos de una sentencia cuando medió error, inadvertencia, sorpresa o negligencia excusable y/o cualquier otra razón que justificara la concesión de un remedio contra los efectos de una sentencia. Asimismo, indicaron que dejaron de atender los asuntos relacionados a su reclamación judicial, toda vez que confiaban en que su representante legal actuaba diligente y responsablemente. Enfatizaron que, habían actuado con la mayor diligencia, por lo que no les debía ser atribuido la negligencia del licenciado Cay Espinosa. En desacuerdo, el 26 de octubre de 2023, los recurridos presentaron su *Moción en Oposición* en la cual reiteraron los planteamientos de su *Oposición a la Solicitud de Nulidad de Sentencia.*[23]

Luego de examinar los argumentos presentados por las partes, el 30 de octubre de 2023 el TPI emitió y notificó una *Resolución* en la cual declaró No Ha Lugar a la *Reconsideración a Moción en Solicitud de Nulidad de Sentencia.*[24] Además, enfatizó que del expediente no surgía correspondencia devuelta.

---

[20] Íd., págs. 1-2.
[21] Íd., págs. 3-5.
[22] Íd., págs. 6-11.
[23] Íd., pág. 61.
[24] Íd., págs. 13-14.

Inconforme con el aludido dictamen, el 9 de noviembre de 2023, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Relevo de Sentencia presentada por la parte demandante-recurrente.**

**Erró el Honorable Tribunal de Instancias al denegar la Solicitud de Relevo de Sentencia del demandante-recurrente bajo el fundamento de que la parte demandante-recurrente estuvo debidamente representada cuando emitió sentencia de desestimación al amparo de la Regla 39.2 de Procedimiento Civil el 19 de enero del 2023. Además erró al insinuar que ese mero hecho subsanó la falta de notificación requerida por la Regla 39.2 de Procedimiento Civil.**

**Erró el Honorable Tribunal de Instancias al emitir una Sentencia de desestimación al amparo de la Regla 39.2 de Procedimiento Civil sin antes haber notificado a la parte y haberle concedido la oportunidad de expresarse y/o corregir los incumplimiento alegados.**

**Erró el Honorable Tribunal al determinar que, a la luz de las circunstancias particulares del caso de epígrafe, no existieron los criterios de error, inadvertencia, sorpresa, negligencia excusable o algún otro que justifique la concesión de un remedio en contra de la sentencia emitida.**

Atendido el recurso, 13 de noviembre de 2023, emitimos una *Resolución* en la cual le concedimos al recurrido hasta el 21 de noviembre de 2021 para presentar su postura en cuanto al recurso. Oportunamente, el 16 de noviembre de 2023, el recurrido presentó su *Oposición a Recurso de Certiorari* y negó que el TPI cometiera los errores que la parte peticionaria le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver. *Veamos.*

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v.*

*Zaragoza Meléndez*, 2023 TSPR 46, 201 DPR ___ (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

La Regla 49.2 de Procedimiento Civil, *supra,* establece el mecanismo procesal disponible para solicitarle al Tribunal de Instancia el relevo de los efectos de una sentencia. *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010). Específicamente, la aludida Regla dispone lo siguiente:

Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

**(d) nulidad de la sentencia;**

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería

> equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido).
>
> [...]

Para que proceda el relevo de sentencia bajo la referida regla, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". Íd., pág. 540. Ahora bien, cabe precisar que, independientemente de la existencia de uno de los fundamentos expuestos en la regla, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Rivera v. Algarín*, 159 DPR 482, 490 (2003). A su vez, la Regla 49.2, *supra*, dispone que "la moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento". No obstante, **dicho plazo es inaplicable cuando se trata de una sentencia nula.** *Náter v. Ramos*, 162 DPR 616, 625 (2004). (Énfasis nuestro). A tales efectos, si una sentencia es nula, no hay margen de discreción y es obligatorio dejar sin efecto la sentencia. *García Colón et al. v. Sucn. González*, supra, pág. 543. Ello, "independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". Íd., págs. 543-544. **Se considera que una sentencia es nula cuando al dictarla se quebrantó el debido proceso de ley.** (Énfasis suplido) Íd., pág. 543.

Ahora bien, cabe precisar que una moción basada en la aludida Regla debe estar bien fundamentada, pues sabido es que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés*, 83 DPR 685, 690 (1961).

**-C-**

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, establece las instancias en que el Tribunal, a iniciativa propia o a solicitud de parte, puede desestimar una reclamación. Ahora bien, antes de discutir la referida Regla, es importante mencionar que "**la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés** […]". (Énfasis suplido) *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222 (2001). Es decir, una vez surja una situación que amerite sanciones, el tribunal debe, en primera instancia, imponérselas al abogado de la parte. Íd., págs. 222-223. Si dicha acción disciplinaria no surte efecto, procederá la imposición severa de la desestimación de la demanda. Íd. Ello, **únicamente después de que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener no corregirla.** (Énfasis nuestro). Íd. La razón principal para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Íd., pág. 224.

**Conforme a dichos pronunciamientos, la Regla 39.2 de Procedimiento Civil, *supra*, fue modificada para aclarar que la orden de mostrar causa por la cual no debe desestimarse el pleito debe notificarse a las partes y a sus abogados.** Véase *Informe de Reglas de Procedimiento Civil,* Comité Asesor Permanente de Reglas de Procedimiento Civil, marzo de 2008, pág. 456. (Énfasis suplido). Así, luego de su modificación, **el inciso (a) de la aludida Regla dispone que el tribunal podrá ordenar la desestimación del pleito cuando el demandante deja de cumplir con sus órdenes.** (Énfasis nuestro). En particular, la Regla 39.2(a) de Procedimiento Civil, *supra,* establece lo siguiente:

(a) Si el demandante **deja de cumplir con estas reglas o con cualquier orden del tribunal**, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

[...]

III.

En el caso ante nuestra consideración, los peticionarios nos solicitaron la revocación de la *Resolución* que emitió y notificó el TPI el 10 de octubre de 2023. Así pues, en su primer señalamiento de error argumentaron que el TPI erró al declarar No Ha Lugar la solicitud de relevo de sentencia. Específicamente, en su segundo señalamiento de error plantearon que el TPI erró al denegar la solicitud de relevo de sentencia fundamentado en que los peticionarios estuvieron debidamente representados cuando se emitió la *Sentencia* y, por tanto, se subsanó el error de falta de notificación. Por otro lado, en su tercer señalamiento de error, sostuvieron que el TPI erró al emitir una *Sentencia* de desestimación al amparo de la Regla 39.2 de Procedimiento Civil, *supra*, sin antes haber notificado a los peticionarios y haberle concedido la oportunidad de expresarse y corregir los incumplimientos. Por último, impugnaron la determinación del TPI al determinar que no

existieron los criterios de error, inadvertencia, sorpresa, negligencia excusable o algún otro que justificara la concesión de un remedio en contra de la *Sentencia* que se emitió. No le asiste razón. *Veamos.*

Por estar estrechamente relacionados entre sí, discutiremos los señalamientos de error en conjunto. Según la Regla 49.2 de Procedimiento Civil, *supra*, para que proceda el relevo de sentencia, "es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo". *García Colón et al. v. Sucn. González,* supra, pág. 540. En el presente caso, la parte peticionaria presentó una solicitud de relevo de sentencia por nulidad. Reconocemos que, si una sentencia es nula, no hay margen de discreción y es obligatorio dejarla sin efecto. Íd., pág. 543. Cónsono con lo anterior, se considera que una sentencia es nula cuando al dictarla se quebrantó el debido proceso de ley. Íd.

De entrada, cabe mencionar que reconocemos que, en la mayoría de los casos, las partes no están enteradas de las actuaciones negligentes e irresponsables por parte de sus abogados. En vista de ello, **es injusto que una parte sea penalizada por las actuaciones displicentes de su representación legal. Por esta razón, es requerido apercibirles a las partes sobre esta situación para que puedan tener la oportunidad de corregirla y así poder evitar su debido proceso de ley se trastoque.**

De un detenido análisis del expediente ante nos, surge que el TPI le brindó amplia oportunidad a la representación legal de los peticionarios para que cumpliera con las órdenes del TPI y mostrara causa por la cual no se le debía desestimar la *Demanda* al amparo de la 39.2(a) y 39.2(b) de Procedimiento Civil, *supra*.[25] Sin embargo,

---

[25] A continuación precisamos las ocasiones en las que el TPI le concedió una oportunidad a la representación legal de los peticionarios para que cumpliera con las órdenes del TPI y mostrara causa por la cual no se le debía desestimar la *Demanda*: (1) vista de conferencia con antelación a juicio que se celebró el 11 de mayo de 2022; (2) *Orden* que se emitió el 11 de mayo de 2022; (3) Orden que se emitió el 2 de julio de 2022; (4) *Orden* del 1 de agosto de 2022 y le apercibió que, de no responder dicha *Orden*, procedería a desestimar la *Demanda* con perjuicio;

el licenciado Cay Espinosa, quien ostentaba la representación legal de los peticionarios, optó por ignorar y menospreciar las órdenes del TPI. **Dicho proceder, indubitadamente, denotó falta de diligencia y cooperación con los procesos. Además, dicho comportamiento fue antiético, temerario y causó dilaciones innecesarias en los trámites procesales del caso.**

Ahora bien, la tendencia jurisprudencial en situaciones en las que la representación legal de una parte reiteradamente incumple e ignora las órdenes del Tribunal es, en primer lugar, imponerle sanciones económicas directamente al abogado previo a que el Tribunal le imponga a una parte la sanción severa de la desestimación del pleito. **Si ello no provoca una acción correctiva por parte del abogado, la parte debe ser directamente apercibida e informada de las actuaciones de su abogado. Únicamente después de que la parte haya sido enterada de la situación, es que el Tribunal podrá imponer la sanción de desestimar la *Demanda* al amparo de la Regla 39.2 (a) de Procedimiento Civil, *supra.***

En el caso de autos, el 2 de julio de 2022, el TPI emitió una *Orden* en la cual le impuso sanciones económicas al licenciado Cay Espinosa, debido a que no contestó las órdenes de mostrar causa que se emitieron el 11 de mayo de 2022. Dicha *Orden* se le notificó al licenciado Cay Espinosa y a los peticionarios a la dirección que surgía del expediente del caso, Carretera 186, k.m. 22.1, El Verde, Río Grande, 00745. Posteriormente, el 1 de agosto de 2022, el TPI emitió otra *Orden* para mostrar causa, en la cual le impuso una sanción económica y le apercibió que, de no responder dicha *Orden,* procedería a desestimar la *Demanda* con perjuicio. Resulta

---

(5) *Orden* que se emitió el 23 de noviembre de 2022; y, por último; (6) *Orden* del 5 de diciembre de 2022. Las últimas dos órdenes antes mencionadas fueron al amparo de la Regla 39.2 (b) de Procedimiento Civil, *supra.*

necesario enfatizar que esta *Orden* se le notificó al licenciado Cay Espinosa y a los peticionarios a la dirección anterior.

No obstante lo anterior, el 23 de noviembre de 2022, el TPI emitió una cuarta *Orden* en la en la cual le impuso una sanción al licenciado Cay Espinosa, ya que habían transcurrido seis (6) meses sin que este mostrase causa por la cual no compareció a la vista de conferencia con antelación a juicio y por no haber preparado dicho informe. Cabe destacar que **dicha *Orden*, fue notificada, únicamente, al licenciado Cay Espinosa.** Posteriormente, el 5 de diciembre de 2022, el TPI emitió y notificó una última *Orden* en la cual indicó que los peticionarios no realizaron trámite alguno por más de seis (6) meses, por lo que les ordenó a que en un término de diez (10) días mostraran causa por la cual no debían desestimar su *Demanda* en virtud de la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V., R.39.2, así como por el incumplimiento con las órdenes del TPI. **Resulta necesario enfatizar que el TPI ordenó a que se notificara a los peticionarios directamente. Sin embargo, dicha *Orden* se notificó, únicamente, al licenciado Cay Espinosa. Posteriormente, el TPI dictó *Sentencia* desestimando la *Demanda* al amparo de Regla 39.2(a) de Procedimiento Civil, *supra*, <u>la cual no se notificó directamente a los peticionarios.</u>** De una búsqueda exhaustiva del Sistema Unificado de Manejo y Administración de Caso (SUMAC) tampoco surge que se notificó a los peticionarios de la *Orden* del 5 de diciembre de 2022, ni de la *Sentencia* que dictó el TPI.

En virtud de lo anterior, colegimos que es evidente que la representación legal de los peticionarios reiteradamente incumplió con las órdenes del TPI a pesar de que se le concedió plena oportunidad para responder y mostrar causa por sus reiterados incumplimientos. De igual forma, estamos conscientes que el TPI amonestó a este último por su reiterado incumplimiento, previo a

desestimar el pleito. Sin embargo, no les apercibió directamente a los peticionarios sobre dicha situación previo a la desestimación de la *Demanda.* Recordemos que la Regla 39.2 de Procedimiento Civil, *supra*, exige que las órdenes de mostrar causa por la cual no debe desestimarse el pleito deben notificarse a las partes y a sus abogados. En este caso, el Tribunal omitió cumplir con una de las exigencias esenciales de la Regla 39.2, *supra* que es notificarles directamente a las partes para darles la oportunidad de corregir las actuaciones displicentes de su representación legal. Ello, quebrantó el debido proceso de ley que les cobija.

Por tanto, resolvemos que procede el relevo de *Sentencia*, toda vez que, en este caso, el TPI incumplió con la Regla 39.2 (a) de Procedimiento Civil, *supra*, y, por ende, quebrantó el debido proceso de ley de los peticionarios. Así pues, procede declarar nula la *Sentencia* recurrida al amparo de la Regla 49.2 de Procedimiento Civil, *supra,* toda vez que el TPI no notificó a los peticionarios antes de desestimar la *Demanda* como exige la Regla 39.2 (a) de Procedimiento Civil, *supra.*

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones